UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK A. MICHAUX,

        Petitioner,

                                CIVIL NO. 2:10-CV-10566
v.                               HONORABLE NANCY G. EDMUNDS
                                UNITED STATES DISTRICT COURT

DAN QUIGLEY,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Frank A. Michaux, ("Petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for one count of assault with intent to commit great bodily harm less than murder, M.C.L.A. 750.84; and three counts of felonious assault, M.C.L.A. 750.82. Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Michaux,* No. 282482 (Mich.Ct.App. February 24, 2009); *lv. den.* 485 Mich. 864; 771 N.W. 2d 761

1

(2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The right to effective counsel. My attorney did not do as I requested under any circumstances. He was incompetent.

II. Effective defense. Matthew Evans did not do his job. He led me to believe that [the] Judge would issue a directed verdict. He also went against all of my requests. He would not ask questions I instructed him to ask or [the] motions I requested.

III. I was charged with 3 counts of felonious assault. I never touched any one other than the victim. There is no assault.

IV. Previous altercations. I had altercations with Angelo Henry when he hit me from behind in my home. This was a past event. Also, Angela Henry attacked her grandmother. When I pulled her off she attacked me.

## II.  Discussion

The instant petition is subject to dismissal because the claims have not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims.

*See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

Petitioner's habeas application is subject to dismissal because none of the claims have been exhausted with the state courts. Petitioner's third and fourth claims are unexhausted because they were never presented to the Michigan Court of Appeals or to the Michigan Supreme Court.

With respect to the ineffective assistance of counsel claims raised by petitioner in his first and second claims, neither of these claims were raised by petitioner in his brief on appeal to the Michigan Court of Appeals. [1] Although petitioner raised an ineffective assistance of counsel claim before the Michigan Court of Appeals involving his counsel's failure to object to prosecutorial misconduct, this claim is different than the ineffective assistance of counsel claims that petitioner is raising in his first and second claims, namely, that counsel was ineffective for failing to raise a claim of self-defense, for failing to move for a directed verdict, for failing to ask the witnesses certain questions, and for failing to file motions that petitioner had requested.

For purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *See See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition."

---

[1] *See* Brief on Appeal [this Court's Dkt. 8-8].

*Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because petitioner's ineffective assistance of trial counsel claims involving counsel's failure to present a self-defense, for failing to move for a directed verdict, for failing to ask certain questions, and for failing to file certain motions are different than the ineffective assistance of trial counsel claim that was presented before the Michigan Court of Appeals, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

In reviewing petitioner's application for leave to appeal to the Michigan Supreme Court, [2] it appears that petitioner mentioned these allegations of ineffective assistance of counsel within the argument section of Issue III. However, the heading for Issue III merely stated:

> Defendant was denied effective representation of counsel by his attorney's failure to object to repeated improper comments by [the] prosecutor. [3]

Petitioner's ineffective assistance of counsel claims are unexhausted because the heading in petitioner's brief before the Michigan Supreme Court did not fairly present petitioner's claims that counsel had been ineffective for failing to raise a claim of self-defense, for failing to move for a directed verdict, for failing to ask questions or file motions, because the heading merely stated that trial counsel had been ineffective for failing to object to prosecutorial misconduct. Because the heading in petitioner's brief failed to

---

[2] *See* This Court's Dkt. # 8-9.

[3] *See* Pro Per Application For Leave to Appeal, p. 4 [Dkt. # 8-9].

4

reference the factual basis for these particular ineffective assistance of counsel claims, none of these particular ineffective assistance of counsel claims were fairly presented to the Michigan Supreme Court. *See Wagner v. Smith,* 581 F. 3d 410, 415-16 (6th Cir. 2009).

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these ineffective assistance of counsel claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006)*; Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977). Petitioner's claims are unexhausted.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Wagner,* 581 F. 3d at 419*; See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is

reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that petitioner may pursue exhaustion of his state court remedies. *Id.*

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Wilson v. Warren,* No. 2007 WL 37756, * 2 (E.D. Mich. January 4, 2007). Accordingly, the petition is dismissed without prejudice.

There is however, an equitable remedy available to petitioner. In *Hargrove v.*

*Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from February 4, 2010, the date petitioner filed his petition, until petitioner returns to federal court. [4] This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d

---

[4] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 4, 2010, the date that it was signed and dated. *See See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). In light of the fact that petitioner has failed to exhaust his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones*, 281 Fed.Appx. 559, 561 (7th Cir. 2008).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from February 4, 2010 until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner files a Motion for Relief from Judgment in the Wayne County Circuit Court within sixty days of this Court's order and that he returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel is **DENIED.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager